FILED

04/15/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0180

DA 24-0180

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 75N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRANDON LEE CRAFT,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-16-416
Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Brandon Lee Craft, Self-Represented, Shelby, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

      Joshua A. Racki, Cascade County Attorney, Kory Larsen, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  March 5, 2025

Decided:  April 15, 2025

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brandon Craft appeals the Order Denying Motion for New Trial issued by the Eighth Judicial District Court, Cascade County, on February 23, 2024. We affirm.

¶3 Craft was tried and convicted by a jury on November 19, 2019, of deliberate homicide, tampering with or fabricating physical evidence, and two different counts of deceptive practices. The District Court sentenced Craft on February 28, 2020, and he appealed to this Court. We affirmed three of his convictions and reversed the fourth conviction for insufficient evidence on July 5, 2023, in *State v. Craft*, 2023 MT 129, ¶ 20, 413 Mont. 1, 532 P.3d 461.

¶4 On February 22, 2024, Craft filed a motion for a new trial, contending the structural error with the jury pool identified in *State v. Hinkle*, No. DC-22-242 (Mont. Eighth Jud. Dist. August 22, 2023) entitled him to a new trial. In *Hinkle*, the District Court vacated Hinkle's trial just before it commenced. In that case, it was brought to the court's attention that the Clerk of Court did not certify to the Sheriff the names of jurors who failed to respond to the jury notice, and the Sheriff failed to personally serve those jurors with the

requirement to respond to the notice. Thus, the requirements of § 3-15-405, MCA, were not properly followed.[1]

¶5 The District Court denied Craft's motion for a new trial, reasoning the motion was untimely filed four years after Craft's trial, and Craft's reliance on the error with the 2023 jury pool in *Hinkle* did not constitute newly discovered evidence that there were any issues with the 2019 jury pool from which Craft's jury was empaneled. The District Court pointed out that counsel for both parties may investigate formation of the jury pool and jury panel for a specific case, and here Craft's counsel had the opportunity to investigate before trial and up to 30 days thereafter but did not do so. Without evidence that the jury panel for Craft's trial was skewed or biased, that his failure to investigate was not due to his own lack of diligence, or that what he would have discovered would have been material, the District Court denied the motion. Craft appeals.

¶6 On appeal, Craft asserts the jury in his trial was improperly empaneled. He points out that the Sheriff and Clerk of Court for Cascade County were not aware of § 3-15-405, MCA, until the District Court in *Hinkle* ordered them to comply with its requirements in 2023. Craft argues that if the clerk and Sheriff were not aware of the procedural requirements of § 3-15-405, MCA, until 2023, then they must not have been aware of the procedural requirements during his trial in 2019.

---

[1] Section 3-15-405, MCA, provides the clerk of court shall serve notice by mail to persons drawn as jurors, and those persons must respond by mail regarding their qualifications to serve as jurors. If a juror fails to respond to the notice, the clerk shall certify the failure to the sheriff, and the sheriff must personally serve the juror and make reasonable efforts to ensure the person responds.

¶7	The State argues Craft filed his motion for a new trial past the 30-day deadline, and the exception in *State v. Morse*, 2015 MT 51, 378 Mont. 249, 343 P.3d 1196, did not apply here because Morse filed his motion prior to being sentenced and based on newly discovered evidence under the factors in *State v. Clark*, 2005 MT 330, 330 Mont. 8, 125 P.3d 1099.[2]

¶8	This Court reviews a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Geren*, 2012 MT 307, ¶ 23, 367 Mont. 437, 291 P.3d 1144. A court abuses its discretion if it acts arbitrarily, without conscientious judgment, or exceeds the bounds of reason resulting in prejudice. *Geren*, ¶ 23.

¶9	Section 46-16-702(1), MCA, provides that a court may grant a new trial after a verdict or finding of guilty if required in the interests of justice. Section 46-16-702(2), MCA, provides that a motion for a new trial must specify the grounds for a new trial and be filed within 30 days following a verdict or finding of guilty.

¶10	After reviewing the record, we find the District Court did not abuse its discretion in denying Craft a new trial. Craft did not justify a new trial in the interests of justice. In *Morse*, the defendant was entitled to a new trial pursuant to § 46-16-702(1), MCA, because he filed his motion for new trial before the sentencing hearing. His motion established newly discovered evidence under the *Clark* factors. Here, Craft did not provide any newly

---

[2] The test for whether new evidence entitles a defendant to a new trial is: "(1) the evidence must have been discovered since the defendant's trial; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial has a reasonable probability of resulting in a different outcome." *Clark*, ¶ 34.

4

discovered evidence that his jury was improperly empaneled. Rather, using *Hinkle* as the basis for his assertions, he speculated there was an issue with the formation of his jury and, based on this speculation alone, requested an evidentiary hearing where he could question the Clerk of Court and Sheriff for Cascade County as to their compliance with § 3-15-405, MCA, during the empaneling of his jury in 2019.[3] Reliance on the abnormalities of the jury panel in *Hinkle* in 2023 does not constitute substantial evidence that the jury panel in Craft's trial in 2019 was improperly empaneled.[4]

¶11 In its Order Denying Motion for New Trial, the District Court stated it was "not convinced that speculative arguments about jury empanelment more than four years prior to the date of [Craft's] Motion is 'evidence.'" Further, the District Court found Craft did "not show that his failure to investigate was not the result of his own lack of diligence, or that what he would have discovered is or would have been material." After reviewing the record, we find the District Court did not abuse its discretion when it did not hold an additional hearing and denied Craft's motion for a new trial for failing to establish such was required in the interests of justice.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

---

[3] Craft provides no justification for his failure to make inquiry into the formation of his jury prior to or through trial, or during his first appeal.

[4] Further, this court recently concluded the statutory violation regarding jury formation asserted in *Hinkle*, and asserted to be the basis for Craft's motion for new trial, was not structural but rather "was technical and harmless" and did not constitute substantial noncompliance with the jury formation statutes. *State v. Hillious*, 2025 MT 53, ¶ 30, 421 Mont. 72, ___P.3d___. Thus, a hearing to establish that the jury formation error present in *Hinkle*, and alleged to have been likewise present in Craft's case, would have been futile.

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13     Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

Chief Justice Cory Swanson has recused himself and has not participated in this matter.